**WELLS v WORST et**

Ohio Appeals, 9th Dist, Wayne Co

No 912. Decided April 21, 1933

H. R. Smith, Wooster, for plaintiff in error.

Critchfield, McSweeney & Critchfield, Wooster, for defendants in error.

FUNK, J.

As we view the pleadings and the evidence, there are two principal issues in this case: first, Are defendants entitled to have their contract with plaintiff cancelled and declared null and void? If not, then, second, Did plaintiff perform his part of the contract so as to entitle him to a decree for specific performance?

First. Are the allegations in the answer sufficient to set up the defense of false and fraudulent representation on the part of plaintiff, whereby defendants were induced to execute said contract?

While the allegations of the first and second defenses were, in substance, that defendants were induced to execute and deliver said contract for the exchange of properties with the express agreement and understanding that said land bank would accept $1100 of Wayne Building & Loan Co. stock as a part payment on the $1700 balance due, and that plaintiff and his agent assured defendants that said land bank would so accept said loan company stock; that defendants relied upon said statements; that they afterwards learned that said statements were not true, and that they would not have signed said contract but for said statements, and the prayer of the answer was that defendants' contract with plaintiff be set aside and held to be null and void, it will be noted that the answer did not allege that said statements were made with intent to defraud, or that plaintiff or his agent knew that they were not true; and neither did it allege any mutual mistake and ask to have the contract reformed.

Moreover, any oral agreement or understanding there may have been between the parties before the signing of the written agreement, was merged in said written agreement; and although that contract provides that if defendants could not withdraw money from said loan company with which to pay plaintiff the amount coming to him, the plaintiff would accept his note for the amount until defendants could withdraw their money, there is nothing in the written contract to the effect that the deal was to be in any way dependent upon the land bank accepting loan company stock as a payment on its contract.

The answer not being sufficient to plead the defense of false representations or mutual mistake, and there being no competent evidence to support such defense, it follows that defendants are not entitled to have their contract with plaintiff cancelled.

Second. Did plaintiff perform all the conditions on his part to be performed in his contract with defendants, and did defendants, without justification, fail and refuse to carry out their part of their contract?

Counsel for defendants contend that, as the contract plaintiff had with the land bank could be assigned and transferred only after consent of said bank had been endorsed thereon—

"The deal fell through because Mr. Wells was unable to procure 'the consent in writing endorsed on the land contract'."

From our reading of the record, the deal did not fall through for that reason, but rather because defendants did not either pay the $500 due on April 1, 1932, on said land bank contract, or turn over $1100 of their stock in the Wayne Building & Loan Co. as collateral security thereon.

It will be observed that the answer admitted the execution of the contract and other matters not in controversy concerning said contract, and that defendants refused to deliver their deed for their land to plaintiff or give him possession thereof. It will be further noted that the contract provided that defendants "agreed to assume and pay off a bal, of about $1700 on said contract, or all that is due on the same after first party pays the 6% interest to Apr. 1st, 1932." There was no claim that the contract executed by the defendants was not the contract they intended to execute.

The record clearly shows that plaintiff paid said interest to April 1, 1932, and that he had a representative of the land bank present on at least two occasions ready to consent to the transfer of the contract between the plaintiff and the land bank to defendants, either upon the payment of the $500 due April 1, 1932, or upon the defendants placing with the land bank $1100 of their Wayne Building & Loan Co. stock as collateral security on said contract, which defendants refused to do, and which refusal seemed to be the real reason for not consenting to the transfer of the land bank contract to defendants; the contention being that defendants demanded that the land bank accept said stock as a payment on the balance due on said contract with the land bank, rather than as collateral security therefor.

According to the contract between the parties, it was the duty of defendants to pay the $500 due April 1, 1932, or secure an extension of time. The representative of the land bank testified that it was not a question of the people but a question of getting the cash for the amount then due, or additional security if an extension of time was to be granted, before he would consent to the transfer.

We are therefore of the opinion that the plaintiff performed all the conditions upon his part to be performed under the contract as written and upon which the suit was founded; and even if it could be said that it was plaintiff's duty to obtain the consent of the land bank to the transfer of the contract to defendants, we think that the evidence shows that he did all that he was required to do, under the holding in the case of **Brewing Co. v Maxwell, 78 Oh St 54.**

Finding as we do, the judgment is reversed and the cause remanded.

STEVENS, J, concurs.
WASHBURN, PJ, not participating.